United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | )    Criminal Case No. 18-20586-CR-Scola |
| | ) |
| Michael Omar Ellison, Defendant. | ) |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Michael Omar Ellison's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 47.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Ellison's motion for reduction of sentence. (**ECF No. 47**.)

### 1. Background

On April 8, 2019, the Defendant Michael Omar Ellison was sentenced to a term of imprisonment of 144 months after pleading guilty to Hobbs Act robbery and brandishing and discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(ii)-(iii). (ECF Nos. 24, 25, 33, 34.) The Sentencing Guidelines range was 57 to 71 months of imprisonment based upon the Defendant's adjusted offense level of 24 with a criminal history category of II, to run consecutively with a minimum mandatory sentence of 120 months. The effective Guidelines range was therefore 177 to 191 months. The Court sentenced Ellison to the mandatory minimum sentence of 120 months plus 24 months for a total sentence of 144 months of imprisonment.

Since Ellison's sentencing, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/

retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. Ellison now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 144 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

The retroactive amendment that Ellison invokes here is Part A of Amendment 821—the "status points" adjustment. But Ellison is not eligible for the adjustment because removing his status points would not lower the applicable Sentencing Guidelines range. Removing Ellison's status points would place him at an offense level of 24 with a criminal history category of II, resulting in a Sentencing Guidelines range of 51 to 63 months. As such, Ellison's new Guidelines range would still be far higher than the actual sentence that he received of 24 months before the addition of the mandatory minimum term of imprisonment. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Ellison's motion for reduction of sentence is **denied**. (**ECF No. 47**.)

**Done and ordered** at Miami, Florida on May 20, 2024.

Robert N. Scola, Jr.
United States District Judge